ISAAC L. SALLEY *vs.* JOHN ROBINSON.

Somerset. Opinion July 2, 1902.

*Trespass. License. Water-works. Fixtures. Removal of Plant.*

When a structure is placed upon land of another to be used by the builder during the pleasure of the land owner, the ownership of the structure by its builder and his right to remove it when the land owner revokes his license, is recognized and implied.

The same principle applies when a part of the structure or plant is under the ground.

Such plant does not become a part of the realty as a fixture, unless after reasonable notice to remove it, it is suffered to remain; in which case it may be treated as abandoned by the owner.

In 1877, plaintiff's predecessor in title built a dam upon land of the defendant, where there were springs of water, and laid an underground iron pipe through the defendant's land and the public street to his own premises. The water from the spring was forced through the pipe by a hydraulic ram near the dam. At the same time a tee was put in the iron pipe near the defendant's premises, for the purpose of allowing the defendant to take water therefrom, if he chose to do so. The builder of this water plant and his successors in title, including the plaintiff, received water through it from that time until in November 1900. The plaintiff claimed an easement by prescription to take the water in this manner; but the defendant denied

this prescriptive right and claims that the plant was so placed under a license from him to the builder, without consideration, to be so used until the defendant wanted to use the water for other purposes; and that the builder made no different claim than this. The defendant made no use of the tee until Nov., 1900, when without notice to the plaintiff, or request to remove, he cut the pipe, stopped the water, connected the pipe with his own premises, and drew water therefor through the plaintiff's pipe by means of the plaintiff's ram,—thus appropriating to himself the plaintiff's plant to the exclusion of the plaintiff.

*Held;* that if the defendant had connected with the pipe at the tee, and allowed the water to flow along to the plaintiff, the latter could not complain; but to cut off the plaintiff's supply, and take the whole flow to himself by the agency of the plaintiff's pipe and ram, is an injury for which the defendant is responsible.

Motion for new trial by defendant. Overruled.

Action of trespass vi et armis, for injuries to plaintiff's water-works situated on defendant's land thus depriving plaintiff's dwelling-house in Skowhegan of its water supply.

The declaration was as follows:

For that John Robinson, on the seventh day of November, A. D. nineteen hundred, at said Skowhegan, with force and arms, dug up, cut, mutilated, plugged and destroyed the iron water pipe of the plaintiff which conveyed and conducted the water to plaintiff's dwelling-house and stable, which said pipe was of great value, to wit, of the value of $500—whereby the plaintiff has been deprived of his supply of water for his said dwelling-house and stable, and hath suffered great loss and damage by reason of said defendant's trespass as aforesaid, to wit, the sum of one thousand dollars, said iron pipe being located and lying along the highway known as Middle street in said Skowhegan.

And for that the said John Robinson at said Skowhegan, on the seventh day of November, A. D. 1900, with force and arms, and with the intent and design to injure the said plaintiff, did then and there break open a certain building belonging to the plaintiff, known as the ram house, and remove the door and lock therefrom, of the value of five dollars and took and carried them away, and converted and disposed of the same to his own use, all of which said acts and trespasses were without the consent of the plaintiff, all of which is

against the peace of our state and contrary to the statute and to the damage of said plaintiff, (as he says) the sum of one thousand dollars.

The plea was the general issue.

The facts appear in the opinion.

*E. F. Danforth and S. W. Gould; A. K. Butler,* for plaintiff.

*E. N. Merrill,* for defendant.

Parol license gives no indefeasible power or authority to exercise a continuing privilege on another's land, even when carried into execution and upheld by acts done in pais, in accordance with its terms. *Prince* v. *Case,* 10 Conn. 375, 27 Am. Dec. 675; *Hazelton* v. *Putnam,* 54 Am. Dec. 158; *Hodgkins* v. *Farrington,* 150 Mass. 19, 15 Am. St. 168, 5 L. R. A. 209; *Cook* v. *Stearns,* 11 Mass. 533; *Dark* v. *Johnston,* 55 Pa. St. 164, 93 Am. Dec. 732.

No permanent interest in land by way of easement can be created by parole under the statute of frauds. *Fuhr* v. *Dean,* 26 Mo. 116, 69 Am. Dec. 484; *Pitkin* v. *Long I. R. R. Co.,* 2 Barbour's. Chan. 221, 47 Am. Dec. 320; *Lawrence* v. *Springer,* 49 N. J. Eq. 289, 31 Am. St. 702, and note; *Putney* v. *Day,* 6 N. H. 431, 25 Am. Dec. 470; *Mumford* v. *Whitney,* 15 Wend. 380, 30 Am. Dec. 60, and note.

A license is distinguished from an easement in the fact that the latter always implies an interest in the land upon which it is imposed and can only be created by deed. *Clark* v. *Glidden,* 60 Vt. 702.

Occupation of a licensee or other permissive occupant, not claiming title, cannot be adverse to the true owner, and therefore cannot by lapse of time be ripened into a right. *Luce* v. *Carley,* 24 Wend. 451, 35 Am. Dec. 637, and note. Such occupation gives no interest in the land. *Mumford* v. *Whitney,* 15 Wend. 380, 30 Am. Dec. 60; Vol. 13 Am. & Eng. Encl. of Law, p. 514.

It is strictly confined to the original parties; is purely a personal privilege and unless coupled with an interest is not assignable and can operate neither for nor against a third party. One may see fit to grant a privilege to "A," when not to "B." *Howes* v. *Ball,* 7 Barn. and Cress. 481; *Prince* v. *Case,* 10 Conn. 375, 27 Am. Dec. 675; *Emerson* v. *Fisk,* 6 Maine, 200, 19 Am. Dec. 206; *Hill* v. *Cutting,* 113 Mass. 107.

A. license is a complete answer and defense to a claim of adverse possession set up by the licensee. *Morse* v. *Williams,* 62 Maine, 445; *Luce* v. *Carley,* 24 Wend. 451, 35 Am. Dec. 637; *Omaha Co.* v. *Tabor,* 13 Col. 41, 16 Am. St. Rep. 185.

The doctrine of the early cases which converted an executed license into an easement is now generally discarded as being "in the teeth of the statute of frauds." And referring to these decisions, Mr. Chitty says concisely, "however a court of equity might, under strong circumstances, interfere against such a party by injunction and decree a conveyance, it is clear that such a doctrine at law is not tenable." 1 Chit. Gen. Pr. 139.

The cases of *Ricker* v. *Kelley,* 1 Maine, 117, 10 Am. Dec. 38, and *Clement* v. *Durgin,* 5 Maine, 9, have now little following, and the case of *Rerick* v. *Kern,* 14 Serg. & Rawle, 267, 16 Am. Dec. 497, which was an action at law for damages in favor of the licensee, are followed in but few states. *Johnson* v. *Skillman,* 29 Minn. 95, 43 Am. Rep. 192.

A parol license to lay and use sewer pipe upon the land of another in the absence of agreement or consideration, may be revoked at the pleasure of the licensor, without notice to the licensee, although he has made expenditures; and a severance of the pipe between the lands of the licensor and the licensee is a revocation of such license. *Pitzman* v. *Boyce,* 111 Mo. 387, 33 Am. St. 536.

In a case where the licensee at considerable expense cut a drain in the licensor's land, by which the water of a spring flowed to his own land, and after enjoying it for some years, the licensor revoked the license and stopped it, the licensee was held to be without remedy. Cases cited in *Pitzman* v. *Boyce,* supra.

See also note to *Johnson* v. *Skillman,* supra; *Morse* v. *Copeland,* 2 Gray, 302, 305.

Parol agreement for the use of the water of a spring on the land of another is a mere license revocable at the pleasure of the person granting it or his heirs or assigns. *Cronkhite* v. *Cronkhite,* 94 N. Y. 323; *Taylor* v. *Gerrish,* 59 N. H. 569.

Counsel also cited: Am. & Eng. Encl. of Law, Vol. 13, 540; *Morse* v. *Williams,* 62 Maine, 445.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, SPEAR, JJ.

STROUT, J. In the summer or fall of 1877, Mr. Sayward, a former owner of the premises now owned by the plaintiff, built a dam upon land of the defendant, where there were springs of water, and laid under ground an iron pipe through defendant's land and the public street to his premises. The water from the spring was forced through the pipe by a hydraulic ram located at or near the dam, over which Sayward erected a structure, called the ram house. From that time until the pipe was cut by the defendant, in November, 1900, Sayward and his successors in title, including the plaintiff, received water for domestic use upon the premises now owned by the plaintiff. The plaintiff claimed an easement by prescription to take the water in this manner. This was denied by the defendant, who claimed that the dam, water-pipe and ram were placed there by Sayward by license of defendant, without consideration, to be used by Sayward until the defendant wanted to use the water for something else, and that Sayward never claimed the right to draw water from that spring any longer than defendant saw fit to give it to him. Sayward remained the owner or occupant of the premises supplied with water by this pipe until June 21, 1899. Defendant claimed the right to revoke the license. Under this claim, he cut the pipe and stopped the flow of water to plaintiff, and connected the pipe with his own premises, and received there the whole flow from the spring through the plant built and established by Sayward.

If we assume that the defendant's contention is correct, and that he had the right, at his pleasure, to revoke the license, and stop the flow of water to plaintiff's premises, what were the legal rights of the parties, in relation to the ram and pipe as affected by the act of the defendant? The license to Sayward to lay his pipe and draw water by the same implied an authority to him, in case the defendant revoked the license, to go upon the premises and remove the ram and pipe. A structure placed upon land of another to be used by the builder during the pleasure of the owner of the land, the ownership of the structure by the builder and his right to

remove it when the land owner revokes his license, is recognized and implied. The principle is the same if, as in this case, a part of the plant is under ground. Such plant does not become a part of the realty, as a fixture, unless after reasonable notice to remove it, it is suffered to remain; in which case it may be treated as abandoned by the owner.

Here the defendant, without notice to the plaintiff or request to remove, cut his pipe. While he had the right, upon defendant's contention, to stop the flow of water by any means not destructive to the pipe, he had no right to injure or destroy that. But he did more; he not only cut the plaintiff's pipe, and stopped his water, but he connected the pipe with his own premises, and drew water therefor through the plaintiff's pipe, by means of plaintiff's ram, thus appropriating to himself the plaintiff's plant, to the exclusion of the plaintiff.

When Sayward put down the pipe, he put a tee in it near defendant's premises, for the purpose of allowing defendant to take water therefrom if he chose. This he never did, until he cut the pipe. If he had connected with the pipe at the tee, and allowed the water also to go on to plaintiff, the plaintiff could not complain. But to cut off plaintiff's supply, and take the whole flow to himself, by the agency of plaintiff's pipe and ram, was an injury for which the defendant is responsible.

It is expressly conceded by the learned counsel for the defense, that if there is any liability of defendant, the damages are not excessive.

*Motion overruled.*